66 F.3d 326
 150 L.R.R.M. (BNA) 3022
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CROMWELL PLASTERING & DRYWALL, INC., Respondent.
 No. 95-5959.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1995.
 
 Before: WELLFORD, MILBURN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its February 28, 1995, decision and order in Case No. 7-CA-36517 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36517 is hereby enforced. The respondent, Cromwell Plastering & Drywall, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to bargain collectively and in good faith with the Local 67, Operative Plasterers' and Cement Masons' International Association in the Detroit Area, AFL-CIO (the "Union") as the limited exclusive bargaining representative of the employees in the unit described below, by failing and refusing to make contributions on behalf of unit employees to fringe benefit funds; failing and refusing to remit to the Union dues deducted from the unit employees' wages as required by the collective bargaining agreement; and failing and refusing to allow the agents of the Union's fringe benefit funds to conduct an audit of its payroll and other records to determine the extent of compliance with the fringe benefit contribution provisions of the collective bargaining agreement:
 
 
 4
 All journeymen and apprentice plasterers employed in the respondent's Clio facility, but excluding office clerical employees, guards and supervisors as defined in the National Labor Relations Act (the "Act").
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Comply with the terms of its collective bargaining agreement with the Union by paying all contractually required fringe benefit fund contributions and liquidated damages thereon that have not been paid since April 1994, and make the unit employees whole for any expenses resulting from its failure to do so since April 1994, with interest, as set forth in the remedy section of the Board's decision and order.
 
 
 8
 (b) Remit to the Union all dues deducted from the employees' wages that have not been remitted since April 1994, with interest, as set forth in the remedy section of the Board's decision and order.
 
 
 9
 (c) Allow the agents of the Union's fringe benefit funds to conduct an audit of the respondent's payroll and other records to determine the respondent's extent of compliance with the fringe benefit contribution provisions of the collective bargaining agreement.
 
 
 10
 (d) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 11
 (e) Post at its facility in Clio, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 13
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 14
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT fail and refuse to bargain collectively and in good faith with the Local 67, Operative Plasterers' and Cement Masons' International Association in the Detroit Area, AFL-CIO, as the limited exclusive representative of the employees in the unit described below, by failing and refusing to make contributions on behalf of unit employees to fringe benefit funds; failing and refusing to remit to the Union dues deducted from the unit employees' wages as required by the collective-bargaining agreement; and failing and refusing to allow the agents of the Union's fringe benefit funds to conduct an audit of our payroll and other records to determine the extent of compliance with the fringe benefit contribution provisions of the collective-bargaining agreement:
 
 
 17
 All journeymen and apprentice plasterers employed by us at our Clio facility; but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 18
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 19
 WE WILL comply with the terms of our collective-bargaining agreement with the Union by paying all contractually required fringe benefit fund contributions and liquidated damages thereon that have not been paid since April 1994, and WE WILL make the unit employees whole for any expenses resulting from our failure to do so since April 1994, with interest.
 
 
 20
 WE WILL remit to the Union all dues deducted from the employees' wages that have not been remitted since April 1994, with interest.
 
 
 21
 WE WILL allow the agents of the Union's fringe benefit funds to conduct an audit of our payroll and other records to determine the extent of our compliance with the fringe benefit contribution provisions of the collective-bargaining agreement.
 
 
 22
 CROMWELL PLASTERING & DRYWALL, INC.